BANTLE & LEVY LLP
ATTORNEYS AT LAW
99 PARK AVENUE, SUITE 1510
NEW YORK, NEW YORK 10016

ROBERT L. LEVY
LEE F. BANTLE
SHERIE N. BUELL
DAVID KRAUSS

TEL 212.228.9666
FAX 212.228.7654

October 3, 2025

**VIA ECF**
Hon. Daniel J. Stewart
U.S. Magistrate Judge
Federal Building and U.S. Courthouse
445 Broadway, Room 409
Albany, New York 12207

Re: *Jane Doe v. OMH, et al.,* Case No. 1:25-cv-00912-ECC-DJS

Dear Judge Stewart:

We represent the Plaintiff in the above referenced case. We write in response to defendant New York State Office of Mental Health's ("OMH") letter motion seeking an extension of its deadline to respond to Plaintiff's Motion for Leave to Proceed Under a Pseudonym and for Protective Order (the "Jane Doe Motion"). *See* ECF No. 12. Plaintiff respectfully opposes Defendant's request for an extension.

Plaintiff commenced this action by the filing of a Summons and Complaint on July 14, 2025. *See* ECF No. 1. Plaintiff served process on Defendant OMH on July 22, 2025. *See* ECF No. 5. Plaintiff filed her Jane Doe Motion on July 21, 2025. *See* ECF No. 4. Per the Order of this Court, a response to the Jane Doe Motion was due on August 11, 2025. *See* ECF No. 4 and Docket Text for ECF No. 4. Defendant OMH failed to meet that deadline and now makes the instant motion more than fifty (50) days after the deadline set by the Court has passed.

Relatedly, Defendant OMH's Answer in this matter was due on August 12, 2025. *See* ECF No. 5. That deadline passed without any Answer being served or filed, or any communication from OMH. Given OMH's unexplained failure to Answer, on August 28, 2025, Plaintiff informed OMH that she intended to move for default judgment if OMH did not promptly file its Answer to the Complaint. On September 2, 2025, Defendant requested that its deadline to answer the Complaint be extended to October 2, 2025. *See* ECF No. 7. Plaintiff consented to that request, *see* ECF No. 8, which the Court granted. *See* ECF No. 9. On September 25, Defendant OMH requested a second extension of its deadline to file its Answer. Plaintiff did not oppose the second request, *see* ECF No. 10, which the Court granted. *See* ECF No. 11. When making both of its extension requests, OMH did not raise the issue of its response

to the Jane Doe Motion.

As the above record clearly establishes, Defendant OMH now seeks to extend its deadline to respond to the Jane Doe Motion after ignoring its obligation to respond to that motion for almost two months. Notably, Defendant OMH offers no explanation for its failure to respond to the Jane Doe Motion and no substantive rationale for why its request should be granted given its extended delinquency. Indeed, the only purported rationale OMH does offer in support of its application is the possibility that Defendant Canuteson might, at some unspecified time, seek to oppose the Jane Doe Motion. This rationale does not address OMH's own well-established failure to timely oppose the motion or, for that matter, Canuteson's. Accordingly, OMH's approach does not meet its burden to establish "good cause" for the requested extension. The Local Rules of Practice for the United States District Court for the Northern District of New York ("NDNY Local Rules") explicitly state that, "The Court shall not consider any [motion] papers required under this Rule that are not timely filed or are otherwise not in compliance with this Rule unless good cause is shown." NDNY Local Rules Section III, 7.1(a)(3). Given that Defendant OMH has not made a showing of good cause, OMH has not met its burden of showing the requested extension is appropriate. To the extent that Defendant Canuteson might seek to oppose the Jane Doe Motion, that application could be addressed at the time it is made.

For all the foregoing reasons, Plaintiff respectfully submits that OMH's request for an extension of time to respond to Plaintiff's Jane Doe Motion should be denied.

Sincerely,

BANTLE & LEVY LLP

By: /s/ *Robert L. Levy*

Robert L. Levy
99 Park Avenue, Suite 1510
New York, NY 10016
(212) 228-9666
levy@civilrightsfirm.com

cc: All counsel of record (via ECF)