UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JANE DOE,

*Plaintiff*,

-against-

NEW YORK STATE OFFICE OF MENTAL HEALTH and MATTHEW CANUTESON,

*Defendants*.

**ANSWER TO COMPLAINT**
*JURY TRIAL DEMANDED*

1:25-CV-912
(ECC/DJS)

Defendant New York State Office of Mental Health ("Defendant"), by its attorney, Letitia James, Attorney General of the State of New York, Aimee Cowan, Assistant Attorney General, of counsel, answer Plaintiff's Complaint, [ECF No. 1], as follows:

1. Paragraphs 1, 6, 7, 8, 13, 14, 15, and 123 of the Complaint state legal allegations and/or conclusions to which no response is required. Insofar as a response is required, defendant refers all questions of law to the Court.

2. Defendant **DENIES** the truth of the allegations contained in paragraphs 3, 5, 19, 65, 67, 68, 69, 93, 96, 97, 98, 99, 100, 101, 102, 103, 105, 106, 108, 109, 111, 112, 114, 115, 117, and 118 of the Complaint.

3. Defendant **ADMITS** paragraphs 2, 12, and 64 of the Complaint.

4. Defendant **ADMITS** paragraph 11 of the Complaint to the extent that plaintiff was employed by the New York State Office of Mental Health in an appointment effective

February 2, 2023, until her probationary period termination effective July 7, 2023, but **DENIES** that her termination was "abrupt."

5. Defendant **DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF** as to the allegations contained in paragraphs 4, 9, 10, 16, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 66, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 94, 95, 120, 121, and 122 of the Complaint.

6. With respect to Paragraph 17, defendant **ADMITS** that Defendant Canuteson was OMH's Chief Diversity Officer from December 27, 2021, until his resignation on December 31, 2023.

7. With respect to Paragraph 18, defendant **ADMITS** that plaintiff commenced her employment at OMH in or about February 2023 but **DENIES** that she was an Equal Opportunity Specialist 4. Plaintiff was appointed as a probationary Equal Opportunity Specialist 3.

8. With respect to Paragraphs 104, 107, 110, 113, 116, and 119 and of the Complaint, re-allege the responses to all previous paragraphs, as if fully set forth herein.

9. Defendant **DENIES** all other allegations in the Complaint that are not specifically responded to above.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE,**
**DEFENDANT ALLEGES AS FOLLOWS:**

10. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE,**
**DEFENDANT ALLEGES AS FOLLOWS:**

11. The Complaint fails to establish a violation of federal constitutional rights and thus this Court lacks subject matter jurisdiction.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE,**
**DEFENDANT ALLEGES AS FOLLOWS:**

12. The Complaint is barred, in whole or in part, under principles of *res judicata* and collateral estoppel.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:**

13. The Complaint is barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:**

14. The Complaint is barred, in whole or in part, under the Eleventh Amendment.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:**

15. Defendant hereby asserts a defense under *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977), which prevents recovery against an employer whose decision was in part motivated by some wrongful consideration where the employer can show that even in the absence of the wrongful consideration, it would have reached the same decision.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:**

16. Plaintiff has failed to exhaust her administrative remedies.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:**

17. Any damages alleged to have been sustained by Plaintiff were caused or contributed to in full or in part by the culpable conduct and/or assumption of the risk of Plaintiff and not by any culpable conduct on behalf of the Defendant.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:**

18. If the injuries and damages were sustained by the Plaintiff as alleged in her Complaint,

such damages and injuries are attributable, in whole or in part, to the comparative negligence or culpable conduct of the Plaintiff, and if any damages are recoverable against the answering Defendant, the amount of such damages shall be diminished in proportion with the comparative negligence and/or culpable conduct of Plaintiff which caused said damages.

**AS AND FOR A TENTHAFFIRMATIVE DEFENSE,**
**DEFENDANT ALLEGES AS FOLLOWS:**

19. If any negligence or fault or want of care other than that of Plaintiff caused or contributed to cause the injuries and/or damages alleged in the Complaint, it was the negligence or fault or want of care of some third person(s) over which the answering Defendant had no control.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE,**
**DEFENDANT ALLEGES AS FOLLOWS:**

20. Plaintiff has failed to mitigate her damages.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE,**
**DEFENDANTS ALLEGES AS FOLLOWS:**

21. At all times relevant to the Complaint, all of Defendant's actions were based on legitimate, nondiscriminatory grounds.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE,**
**DEFENDANT ALLEGES AS FOLLOWS:**

22. To the extent that the Plaintiff seeks punitive or exemplary damages within her Complaint against the Defendant, such claims should be dismissed as improper.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE,**
**DEFENDANTS ALLEGE AS FOLLOWS:**

23. Defendant reserves the right to raise additional defenses, which may become known during further investigation and discovery in this case.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:**

24. Defendant hereby demands a trial by jury.

WHEREFORE, Defendant respectfully request that this Court deny the relief requested, dismiss the Complaint, and grant such other relief as the Court shall deem just and equitable.

Dated: Syracuse, New York
October 23, 2025

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendant New York State Office of Mental Health
300 S. State Street, Suite 300
Syracuse, New York 13202
By_s/Aimee Cowan_______
Aimee Cowan, Esq.
Assistant Attorney General
Bar Roll No. 516178
Telephone: (315) 448-4800
Fax: (315) 448-4853
Email: aimee.cowan@ag.ny.gov

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 23, 2025, she filed Defendant New York State Office of Mental Health's Answer by electronically filing with the Clerk of the Court herein, using the CM/ECF system, which is understood to have sent notification of such filing electronically to the following:

Robert L. Levy, Esq.
Bantle & Levy, LLP
Attorneys for Plaintiff
99 Park Avenue, Suite 1510
New York, New York 10016

Dated: Syracuse, New York
October 23, 2025

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendant New York State Office of Mental Health
300 S. State Street, Suite 300
Syracuse, New York 13202
By: __s/Aimee Cowan_______
Aimee Cowan, Esq.
Assistant Attorney General
Bar Roll No. 516178
Telephone: (315) 448-4800
Fax: (315) 448-4853
Email: aimee.cowan@ag.ny.gov