UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>- against -<br><br>NEW YORK STATE OFFICE OF MENTAL HEALTH and MATTHEW CANUTESON,<br><br>Defendants. | Case. 1:25-cv-00912 |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CANUTESON'S MOTION TO DISMISS**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..... 1
STATEMENT OF FACTS ..... 1
ARGUMENT ..... 2
I. LEGAL STANDARD FOR MOTIONS TO DISMISS ..... 2
II. THERE IS NO BASIS FOR DISMISSAL OF PLAINTIFF'S N.Y. C.P.L.R. § 213-c RAPE CLAIM ..... 3
III. IN THE ALTERNATIVE, PLAINTIFF SHOULD BE PERMITTED TO AMEND HER COMPLAINT ..... 7
CONCLUSION ..... 8

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556, U.S. 662 (2009) ........ 2
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........ 2
*Erickson v. Pardus*, 551 U.S. 89 (2007) ........ 2
*Jin v. Metropolitan Life Ins. Co.*, 310 F.3d 84 (2d Cir. 2002) ........ 7
*Lundy v. Catholic Health Sys. Of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013) ........ 2
*Nyame v. Bronx Leb. Hosp. Ctr.*, 2010 U.S. Dist. Lexis 33949 (S.D.N.Y. Mar. 31, 2010) ........ 7
*Oneida Indian Nation of New York City v. City of Sherrill*, 337 F.3d 139 (2d Cir. 2003) ........ 7
*People v. Alford*, 731 N.Y.S.2d 563 (3rd Dep't 2001). ........ 4, 5, 6
*People v. Bennett*, 573 N.Y.S.2d 322 (3rd Dep't 1991) ........ 4, 5, 6
*People v. Bennett*, 593 N.E.2d 279 (N.Y. 1992) ........ 5
*People v. Clyburn*, 623 N.Y.S.2d 448 (4th Dep't 1995) ........ 6
*People v. Umber*, 687 N.Y.S.2d 822 (3d Dep't 1999) ........ 5

**Statutes**

N.Y. Penal Law § 130.00 ........ 4, 5
N.Y. Penal Law § 130.25 ........ 7
N.Y. Penal Law § 130.35 ........ 3
New York Civil Practice Law and Rules § 213-c ........ 3, 7

## PRELIMINARY STATEMENT

Plaintiff Jane Doe respectfully submits this Memorandum of Law in Opposition to Defendant Matthew Canuteson's ("Canuteson") Motion to Dismiss the Sixth Cause of Action of Plaintiff's Complaint. For the reasons explained below, Defendant's motion should be denied in its entirety. By the terms of her well pled complaint, Jane Doe has sufficiently pled a claim for rape in the first degree against Canuteson. In the alternative, Plaintiff respectfully submits that she should be permitted to amend her Complaint and allege that Canuteson's conduct towards her constituted rape in the third degree.

## STATEMENT OF FACTS

For a complete statement of the facts in this case, Plaintiff respectfully refers the Court to the allegations set forth in her detailed Complaint (*see* ECF No. 1). For the Court's convenience, the most salient facts alleged therein are summarized below.

Plaintiff Jane Doe was employed by the New York State Office of Mental Health ("OMH") from February to June 2023. Complaint at ¶ 11. During the course of her employment at OMH, Plaintiff was subjected to a hostile work environment by Defendants, including *quid pro quo* sexual harassment and sexual assault by her direct supervisor, OMH's Chief Diversity Officer Matthew Canuteson. *Id.* at ¶¶ 18-103. Canuteson sent Plaintiff literally dozens of sexually explicit and graphic text messages and photographs, and subjected Plaintiff to unwelcome and non-consensual sexual acts in the workplace. *Id.* at ¶¶ 18-103. On two instances, once in March 2023 and once in May 2023, Canuteson walked into Plaintiff's office, locked her office door without consent and subjected her to unwelcome and non-consensual sexual acts. *Id.* at ¶¶ 32-62. In March 2023, Canuteson groped Plaintiff and rubbed his genitals up against Plaintiff without her consent. *Id.* at ¶¶ 32-43. In May 2023, Canuteson pushed Plaintiff down on

the desk and vaginally penetrated her with his penis. *Id.* at ¶¶ 49-57. During both assaults, Plaintiff was paralyzed and frozen due to fear of retaliation and confusion and because, *inter alia*, the assaults triggered remembrance of past sexual traumas she had endured. *Id.* at ¶¶ 35, 39-41, 55-57. In June 2023, when Plaintiff finally stood up to her harasser and demanded that Canuteson cease and desist his sexualized conduct and assaultive conduct, Defendants abruptly terminated Plaintiff's employment without prior warning. *Id.* at ¶¶ 73-103.

## ARGUMENT

### I. LEGAL STANDARD FOR MOTIONS TO DISMISS.

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff need only plead facts sufficient to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That "plausibility" standard is satisfied where a plaintiff "pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is "not akin to a 'probability requirement,'" but, rather, merely requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). In considering a motion to dismiss brought pursuant to FRCP 12(b)(6), the court must liberally construe the allegations of the complaint, accept all factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam); *Lundy v. Catholic Health Sys. Of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013). In order to survive a motion to dismiss, the factual allegations contained in the complaint merely "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The plaintiff is not required to provide "detailed factual allegations" supporting the claims asserted. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*).

Where the plaintiff sets forth detailed factual allegations that extend well-beyond mere "conclusory statements" or "threadbare recitals of the elements of a cause of action," the plaintiff satisfies her pleading burden, warranting denial of the defendant's motion to dismiss. *Id*.

Herein, the detailed statement of facts in Plaintiff's complaint are plausible and more than sufficiently establish the factual elements of Plaintiff's sixth cause of action. Accordingly, Defendant's motion to dismiss must be denied in its entirety.

## II. THERE IS NO BASIS FOR DISMISSAL OF PLAINTIFF'S N.Y. C.P.L.R. § 213-c RAPE CLAIM

Plaintiff's sixth cause of action is brought pursuant to CPLR section 213-c. New York Civil Practice Law and Rules ("CPLR") § 213-c states that "all civil claims or causes of action brought by any person for physical, psychological or other injury or condition suffered by such person as a result of conduct which would constitute" a variety of certain criminal sexual offenses "may be brought against any party whose intentional or negligent acts or omissions are alleged to have resulted in the commission of the said conduct, within twenty years." One such sex offense is "rape in the first degree as defined in section 130.35 of the penal law." CPLR § 213-c. N.Y. Penal Law § 130.35 states that:

> A person is guilty of rape in the first degree when: 1. he or she engages in vaginal sexual contact with another person: (a) By forcible compulsion; or (b) Who is incapable of consent by reason of being physically helpless; or (c) Who is less than eleven years old; or (d) Who is less than thirteen years old and the actor is eighteen years old or more.

The New York Penal Law further defines forced compulsion as the "means to compel by either: use of physical force; or a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person, or in fear that he, she or another person will immediately be kidnapped," and defines physical helplessness as when a person is

"unconscious or for any other reason is physically unable to communicate unwillingness to an act." N.Y. Penal Law § 130.00(7) and (8).

Defendant Canuteson's contention that Plaintiff "does not plead any facts to demonstrate forcible compulsion and/or physical helplessness" as to the May 3, 2023 rape alleged in the Complaint ignores the well-pled facts of Plaintiff's Complaint and is unavailing. Memorandum of Law In Support of Defendant Canuteson's Motion to Dismiss ("Def. Mem.") at 9. Defendant's argument is largely based on the false premise that Plaintiff must allege facts establishing an actual physical "struggle" in order to satisfy the statutory requirements of a rape claim. *See* Def. Mem. at 5. However, New York law is clear that an allegation of a physical struggle is not a required element of pleading first degree rape. To the contrary, under New York law, "neither physical injury nor screaming or crying out is required for a conviction for [rape in the first degree]." *People v. Alford*, 731 N.Y.S.2d 563, 565 (3rd Dep't 2001). Thus, in *Alford*, the court concluded that a rape victim who had "made no attempt to escape … or put up a struggle because she 'froze' and feared for her safety" had, nonetheless, had been raped in the first degree. *Id.* Moreover, the fact that the rape victim did not cry out also was not fatal to her claim. *Id.* Rather, the Third Department concluded notwithstanding the lack of these assertions, the victim's testimony was sufficient to establish forcible compulsion. *Id.*

Similarly, in *People v. Bennett*, 573 N.Y.S.2d 322 (3rd Dep't 1991), the Third Department upheld the factual sufficiency of the conviction on the charge of rape in the first degree notwithstanding that during the entirety of the encounter the victim remained with the defendant, engaged him in conversation, and followed him, based on her belief that any escape

attempt would be futile, and because she was "frozen with fear." *Bennett*, 573 N.Y.S.2d at 323-24.[1]

Notably, *People v. Umber*, 687 N.Y.S.2d 822 (3d Dep't 1999), on which Defendant Canuteson purports to rely in support of his physical struggle argument, does not stand for the proposition that a showing of physical struggle is necessary to establishing physical compulsion. Rather, that portion of the *Umber* decision describing the rape states, "defendant forced her to have sexual intercourse using his knees to push her legs apart and holding her down with his hands" without any description of attempted forcible resistance by the victim. 687 N.Y.S.2d at 823.

Here, Plaintiff has alleged that on May 3, 2023, Canuteson came into her office, locked her door, and pushed her down and vaginally raped her with his penis without her consent. Complaint at ¶ 51-52. This was the second time Plaintiff had been sexually assaulted by her workplace supervisor in her own office after he closed and locked her door. As with the first incident, Plaintiff was paralyzed due to remembrance of prior traumas, confusion, and fear of retaliation and the possibility that Canuteson could overpower her if she tried to leave. Complaint at ¶ 39-41, 55-57. That Plaintiff did not actively physically struggle against Canuteson during the assault does not defeat her allegation that he committed rape in the first degree. *See Alford*, 731 N.Y.S.2d at 565; *Bennett*, 573 N.Y.S.2d at 323-24; *Umber*, 687 N.Y.S.2d at 823.

Moreover, Plaintiff has sufficiently alleged that she was physically helpless and "physically unable to communicate unwillingness to an act," *see* N.Y. Penal Law § 130.00(8). In

[1] For reasons unrelated to the sufficiency of the proof for the first-degree rape charge, the Third Department ultimately ruled that a new trial was warranted. That ruling was affirmed by the Court of Appeals. *People v. Bennett*, 593 N.E.2d 279 (N.Y. 1992).

the Complaint, Plaintiff describes how during both instances of the unwelcome and non-consensual in-office sexual conduct she was subjected to by Canuteson, she was rendered paralyzed by a combination of her fear and the triggering of prior trauma such that she was "unable to communicate unwillingness to an act." Accordingly, the factual basis of Plaintiff's rape claim tracks the claims of the victims in *Alford* and *Bennett*.

Where, as here, Plaintiff has explicitly alleged a paralysis that caused her to be silent and unable to move throughout the entirety of the time Canuteson was in her office, including throughout the entirety of the physical encounter, Complaint at ¶ 56, Defendant Canuteson's reliance on *People v. Clyburn*, 623 N.Y.S.2d 448 (4th Dep't 1995) is misplaced. In *Clyburn*, the court concluded that trial evidence of the victim's capacity to object to the sexual assault at issue undermined the claim of physical helplessness as to one of two counts of rape. 623 N.Y.S.2d at 1031. Contrary to Defendant Canuteson's claim (*see* Def. Mem. at 7), however, nothing in the *Clyburn* decision supports Defendant's claim that an allegation of paralysis brought on by fear and confusion is legally insufficient to support an allegation of rape in the first degree at the pleading stage. *Id*.

For all the foregoing reasons, there is no basis for dismissal of Plaintiff's sixth cause of action based on alleged insufficiency of Plaintiff's pleading of first-degree rape, and Defendant's motion seeking dismissal of Plaintiff's cause of action under CPLR § 213-c should be denied in its entirety.[2]

[2] To the extent Defendant Canuteson seeks to sow confusion regarding Plaintiff's Sixth Cause of Action by mischaracterizing the basis of that claim, *see* Def. Mem. at 2-4, Plaintiff hereby affirmatively states she is not alleging a separate cause of action for assault or battery against Defendant Canuteson. Rather, paragraph 120 of her Complaint merely uses the phrase "assault and battery" in a descriptive capacity when referring to aspects of Canuteson's forcible conduct on May 3, 2023. As Canuteson ultimately acknowledges, it is the sexual offense of rape that underlies this cause of action.

## III. IN THE ALTERNATIVE, PLAINTIFF SHOULD BE PERMITTED TO AMEND HER COMPLAINT

While Plaintiff firmly maintains that she has fully satisfied her pleading requirements as to her first-degree rape claim as the basis of her Sixth Cause of Action, if this Court were to deem this cause of action deficient, Plaintiff should be granted leave to replead that claim to address any such deficiency. It is well-settled that when a complaint is dismissed on a motion to dismiss, permission to replead should be "freely given when justice so requires." *Oneida Indian Nation of New York City v. City of Sherrill*, 337 F.3d 139, 168 (2d Cir. 2003), *rev'd on other grounds*, 544 U.S. 197 (2005). Courts in this Circuit routinely grant permission to replead upon granting a motion to dismiss. *Jin v. Metropolitan Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002); *see also Nyame v. Bronx Leb. Hosp. Ctr.*, 2010 U.S. Dist. Lexis 33949, at *20 (S.D.N.Y. Mar. 31, 2010).

Assuming *arguendo* that Plaintiff has not sufficiently pled a claim based on rape in the first degree, the facts in this case clearly support a cause of action under N.Y. C.P.L.R. § 213-c based on "rape in the third degree as defined in subdivision one, two, three, seven, eight or nine of section 130.25 of the penal law." N.Y. Penal Law § 130.25(1) and (7) state that a person is guilty of rape in the third degree if they "engage[] in vaginal sexual contact with another person who is incapable of consent by reason of some factor other than being less than seventeen years old" or "engage[] in vaginal sexual contact with another person without such person's consent where such lack of consent is by reason of some factor other than incapacity to consent." Plaintiff has amply detailed how her ability to consent was hampered by the power differential between her assailant who was her direct supervisor and herself, her fear of retaliation, and that the assault triggered reminders of prior traumas. Complaint at ¶ 35, 39-41, 55-57. Accordingly, should the Court find her first-degree rape allegation insufficient, Plaintiff should be granted

leave to amend her Complaint to revise the predicate offense underlying her N.Y. C.P.L.R. § 213-c claim.

## **CONCLUSION**

For the foregoing reasons, Defendant Canuteson's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) should be denied in its entirety; or, in the alternative, Plaintiff should be permitted to amend her Complaint.

Dated: December 16, 2025
New York, New York

BANTLE & LEVY LLP

By: *<u>/s/ Robert L. Levy</u>*
Robert L. Levy
99 Park Avenue, Suite 1510
New York, NY 10016
(212) 228-9666
levy@civilrightsfirm.com
*Attorneys for Plaintiff Jane Doe*

To: Matthew P. Ricci, Esq.
TULLY RINCKEY PLLC
1203 Troy Schenectady Road, STE 101
Latham, NY 12110
*Attorneys for Defendant Matthew Canuteson*

Aimee Cowan, Esq.
Assistant Attorney General
300 S. State Street, Suite 300
Syracuse, New York 13202
*Attorneys for Defendant York State Office of Mental Health*