**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JANE DOE,

Plaintiff,

- against –

NEW YORK STATE OFFICE OF MENTAL HEALTH, and MATTHEW CANUTESON,

Defendants.

---

Civil Action No.: 1:25-cv-912 (ECC/DJS)

**DEFENDANT CANUTESON'S MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT CANUTESON'S MOTION TO DISMISS**

Dated: December 23, 2025
Latham, NY

Respectfully Submitted,

*/s/Matthew P. Ricci*_____
Matthew P. Ricci, Esq.
Senior Associate
NDNY No.: 701971

Allen A. Shoikhetbrod
Managing Partner
NDNY No.: 519798

TULLY RINCKEY PLLC
1203 Troy Schenectady Road, STE 101
Latham, NY 12110
Tel. (518) 218-7100
Fax. (518) 218-0496

# TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS ........................................................................................................ i

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT

A. PLAINTIFF HAS NOT PLED A CLAIM FOR RAPE IN THE FIRST DEGREE (SIXTH CAUSE OF ACTION) ................................................................................... 1-6

A. PLAINTIFF SHOULD NOT BE PERMITTED TO AMEND HER COMPLAINT AS IT WOULD BE FUTILE TO DO SO ................................................................ 6-10

CONCLUSION................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Allaire Corp. v. Okumus*,
433 F.3d 248 (2d Cir. 2006) .......... 7

*Anderson News L.L.C. v. Am. Media, Inc.*,
680 F.3d 162 (2d Cir. 2012) .......... 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 6

*Balintulo v. Ford Motor Co.*,
796 F.3d 160 (2d Cir. 2015) .......... 6

*Bell Atl. Cop. v. Twombly*,
550 U.S. 544 (2007) .......... 6

*Francis v. Kings Park Manor Inc.*,
992 F.3d 67 (2d Cir. 2021) .......... 7

*Licci ex rel Licci v. Lebanese Canadian Bank SAL.*,
673 F.3d 50 (2d Cir. 2012) .......... 6

*People v. Alford*,
731 N.Y.S.2d 564 (3d Dep't. 2001) .......... 2, 5

*People v. Battease*,
74 A.D.3d 1571 (3d Dep't. 2010) .......... 9

*People v. Bennett*,
573 N.Y.S.2d 322 (3d Dep't. 1991) .......... 3, 5

*People v. Black*,
38 A.D.3d 1283 (4th Dep't. 2007) .......... 3

*People v. Karnes*,
223 A.D.3d 1119 (3d Dep't. 2024) .......... 2

*People v. Littebrant*,
55 A.D.3d 1151 (3d Dep't. 2008) .......... 5

*People v. Patterson*,
214 A.D.3d 674 (2d Dep't. 2023) .......... 3

*United States ex rel, Ladas v. Exelis, Inc.*,

824 F.3d 16, 28 (2d Cir. 2016) .......... 6

**Statute** | **Page(s)**

FRCP 15(a)(2) .......... 6

FRCP 12(b)(6) .......... 6

N.Y. CPLR § 213-c .......... 1, 7

N.Y. Penal Law § 130.00 .......... 9 fn. 1

N.Y. Penal Law § 130.05 .......... 8

N.Y. Penal Law § 130.25 .......... 7, 8, 9

N.Y. Penal Law § 130.35 .......... 6

## PRELIMINARY STATEMENT

Defendant, Matthew Canuteson ("Defendant Canuteson" or "Mr. Canuteson"), through counsel submits this memorandum of law in reply to Plaintiff's Opposition (Dkt. No. 28) to his Motion to Dismiss Plaintiff Jane Doe's Sixth Cause of Action in her Complaint. Plaintiff's Opposition overlooks the critical elements which necessitate the dismissal of the Complaint's Sixth Cause of Action, because Plaintiff failed to plead the required elements of Plaintiff's purported first-degree rape claims (sixth cause of action) and it would be futile to rectify the Complaint's pleading deficiencies. Simply put, this matter is about Plaintiff's self-serving assertions that are nothing beyond mere speculation. Accordingly, Defendant Canuteson respectfully requests that Plaintiff's Sixth Cause of Action in her Complaint be dismissed, with prejudice, and Plaintiff's request for leave to amend denied, together with such other and further relief as the Court deems just and proper.

## ARGUMENT

### A. PLAINTIFF HAS NOT PLED A CLAIM FOR RAPE IN THE FIRST DEGREE (SIXTH CAUSE OF ACTION)

As an initial matter, Plaintiff asserts that her Complaint is well-pleaded. *See* Dkt. No. 28 at p. 1. Yet, Plaintiff's Motion, much like her Complaint, is nothing more than bare legal conclusions in arguing why she should be allowed to proceed with a first-degree rape claim pursuant to N.Y Civil Practice Law and Rules ("CPLR") § 213-c. Plaintiff also incorrectly asserts that Defendant Canuteson's argument is largely based on the false premise that Plaintiff must allege facts establishing actual physical struggle. *See* Dkt. No. 28 at p. 4. Nonetheless, Defendant Canuteson has clearly articulated in his Motion to Dismiss that in accordance with the relevant statute, forcible compulsion is intended to encompass both the "use of physical force" or "a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or

another person, or in fear that he, she or another person will immediately be kidnapped." *See* Dkt. No. 25 at p. 4 (internal citations omitted). Notably, Plaintiff's selective interpretation of Defendant Canuteson's argument is an attempt to take away from the fact that at no time during the events in question was Plaintiff placed in fear of immediate death or physical injury to herself or another person, or in fear that she or another person will immediately be kidnapped.

Plaintiff's Opposition does not, nor could it, refute the well-established principle that within the context of sex offenses, "forcible compulsion" means to compel by either use of physical force or threat, express or implied, that places victim in fear of immediate death or physical injury. *See People v. Karnes*, 223 A.D.3d 1119 (3d Dep't. 2024). Plaintiff first attempts to cite *People v. Alford*, in support of her assertion that a fact showing physical struggle is not necessary to satisfy the statutory requirement of a claim for rape in the first degree; however, Plaintiff's reliance on this case is misplaced. *See* Dkt. No. 28 at p. 4. Notably, the *Alford* case does not analyze whether a physical struggle was necessary to establish forcible compulsion. *See generally People v. Alford*, 731 N.Y.S.2d 564 (3d Dep't 2001). Rather, the case focuses, almost exclusively, on whether the evidence presented at the lower level was legally sufficient to support each of the defendant's convictions. *Alford*, 731 N.Y.S.2d at 565. The facts on the *Alford* case are also distinguishable from the instant matter, as the *Alford* case deals with the rape of a minor, who threatened to kill the victim and her family if anyone found out. *Id.* Importantly, even though the minor indicated that she "froze" and feared for her safety in reasoning why she made no attempt to escape, she testified that she repeatedly told him to stop. *Id.* Here, Plaintiff has not plead any facts that demonstrate Defendant Canuteson used any physical force or threat, or that Plaintiff feared immediate death or physical injury of herself or those around her, on March 17, 2023[1] and May 3,

[1] Significantly, Plaintiff does not plead any facts to suggest that vaginal, oral, and/or anal sexual contact occurred on this date – a fatal flaw in her first-degree rape claim.

2023. *See generally* Dkt. No. 1 at 5-8, ¶¶ 32-58. Thus, Plaintiff's first-degree rape claim fails as a matter of law, as pled in the Complaint, because there is no evidence that Defendant Canuteson threatened Plaintiff and/or evidence that show that Plaintiff feared for her life. *See People v. Black*, 38 A.D.3d 1283 (4th Dep't. 2007) (finding that the trial court did not err in omitting from its jury charge portion of statutory definition of forcible compulsion, as element of rape in the first degree and criminal sexual act in the first degree, concerning threats that place a person in fear of immediate death or physical injury, since there was no evidence that defendant had threatened the victim); *see also People v. Patterson*, 214 A.D.3d 674 (2d Dep't. 2023) (there was no evidence that the two individuals with whom complainant engaged in sexual acts with used physical force to compel complainant to engage in sexual intercourse or oral sexual conduct, as would satisfy the forcible compulsion element of rape in the first degree and criminal sexual act in the first degree. While there was evidence that complainant was pressured into performing the acts and that she did not think that she had a choice, she acknowledged that she was not physically hurt).

Further, the Plaintiff's use of *People v. Bennett*, 573 N.Y.S.2d 322 (3d Dep't. 1991), is equally insufficient. *See* Dkt. No. 28 at pp. 4-5. In *Bennett*, the Third Department did not analyze the appellants case under a "factual sufficiency" standard with respect to the elements of forcible compulsion and/or physical helplessness as Plaintiff purports. *Bennett*, 573 N.Y.S.2d at 324-326; *see also* Dkt. No. 28 at p. 4. Rather, the Court decided, *inter alia*, on the questions of whether a new trial needed to be conducted because of the County Court's error in its *Sandoval* ruling and whether there was an error in admitting expert testimony regarding rape trauma syndrome. *Id*. Moreover, conveniently lacking from Plaintiff's analysis into this case is the fact that the victim "froze in fear" after she had observed that the defendant had a gun, thereby creating an implied threat of forcible compulsion. *Bennett*, 573 N.Y.S.2d at 324. Here, it is not pled in the Complaint

that Defendant Canuteson made any implications Plaintiff would be in trouble if she did not engage in sexual vaginal conduct with him. *See generally* Dkt. No. 1 The Complaint reflects that no discussion took place before or after the act, as the Plaintiff has alleged that Defendant Canuteson "walked into Plaintiff's office, closed and locked the office door, began touching her above her clothing, […] kissed Plaintiff on her face and body, lifted her dress and directly touched her buttocks and vagina with his fingers and hands, and then pushed her down on the desk and vaginally penetrated her with his penis [and] after no more than a minute of penetrating Plaintiff […] [Defendant] Canuteson stopped, pulled his pants and walked out of her office." *See* Dkt. No. 1 at ¶¶ 51-53. If anything, the next interaction that took place as alleged by the Complaint was after May 3, 2023, when "Plaintiff repeatedly advised [Defendant] Canuteson that his co-mingling of a professional and <u>personal relationship</u> (emphasis added) with her made her extremely uncomfortable." *See* Dkt. No. 1 at ¶ 58. Thus, the Complaint fails to show that Defendant Canuteson threatened Plaintiff, or that there was any elements to create an implied threat; instead, it demonstrates that Plaintiff and Defendant Canuteson were engaged in a consensual personal relationship.

Plaintiff has also failed to plead rape in the first-degree as a result of being physically helpless and any assertion in Plaintiff's Opposition to the contrary is wholly unsupported by the pleadings themselves. *See* Dkt. No. 28 at pp. 5-6. Here, Plaintiff purports that she was physically helpless because "during both instances of the unwelcome and non-consensual in-office sexual conduct she was subjected to by [Defendant] Canuteson, she was rendered paralyzed by a combination of her fear and the triggering of prior trauma such that she was "unable to communicate unwillingness to an act." *See* Dkt. No. 28 at p. 6. However, such assertion is again another example of Plaintiff's bare legal conclusions and is not sufficient to establish that Plaintiff

was physically helpless, as she was clearly not unconscious and could have communicated her unwillingness to the act. *See People v. Littebrant*, 55 A.D.3d 1151 (3d Dep't. 2008), *leave to appeal denied* 12 N.Y.3d 818 (the defendant's conviction for rape in the first degree with a victim who was incapable of consent by reason of being physically helpless was contrary to the weight of the evidence; although the victim testified that, at the time defendant came home and raped her, she was not really saying anything because she was urinating and vomiting as a result of her intoxication, she fully recalled defendant's actions and never asserted that she was sleeping or otherwise unconscious, or that she was unable to protest, and there was no evidence that the victim was physically unable to communicate her unwillingness). The Plaintiff further asserts that Plaintiff's rape claim tracks the claims of the victims in *Alford* and *Bennett*; however, as discussed in detail above, Plaintiff's fact pattern is significantly different than that of *Alford* and *Bennett*. These allegations can only result in the finding that no rape in the third-degree occurred, let alone has been pled in the Complaint.

Finally, in the Opposition, Plaintiff also tries to dismiss the fact that the Complaint has improperly asserted civil assault and battery and maintains that Plaintiff used said terms in a descriptive capacity. *See* Dkt. No. 28 at 6 fn. 2. Such does not take from the fact that civil assault and battery are not elements necessary to maintain a claim for rape in the first-degree under N.Y. Penal Law § 130.35, yet Plaintiff still included them as part of the Complaint. *See* Dkt. No. 1 at 7, ¶ 120. As Defendant Canuteson has previously asserted as part of his Motion to Dismiss, the use of such terms obscures the actual allegations Plaintiff is attempting to bring against Defendant Canuteson and defenses necessary as both terms represent two separate and actionable legal theories.

Accordingly, Plaintiff's Sixth Cause of Action must be dismissed as Plaintiff has failed to state a claim for rape in the first degree under N.Y. Penal Law § 130.35 (1)(a) or N.Y. Penal Law § 130.35 (1)(b).

**B. PLAINTIFF SHOULD NOT BE PERMITTED TO AMEND HER COMPLAINT AS IT WOULD BE FUTILE TO DO SO.**

Similarly, Plaintiff should not be permitted to amend her complaint because it would be futile to do so as Plaintiff's has not pleaded sufficient facts that would demonstrate that she could maintain an action under the additional theories Plaintiff would like to assert.

"Leave to amend should be 'freely give[n] […] when justice so requires," [under Federal Rule of Civil Procedure 15(a)(2)], but 'should generally be denied in instances of futility, undue delay, bad faith or dilatory motive repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party.'" *See United States ex rel, Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016). "A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss." *See Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164-65 (2d Cir. 2015) (citations omitted). When determining if an amendment is futile due to a potential motion to dismiss, the proposed pleading must "be judged by the same standard as those governing the adequacy of a filed pleading" if it were attacked by a motion to dismiss. *See Anderson News L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). However, a court need not "draw argumentative inferences in the plaintiff's favor" nor "accept as true a legal conclusion couched as a factual allegation." *See Licci ex rel Licci v. Lebanese Canadian Bank SAL.*, 673 F.3d 50, 59 (2d Cir. 2012) (citations omitted). Likewise, when determining if a proposed amended complaint would be futile due to a failure to state a claim under FRCP 12(b)(6), a proposed complaint "must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Cop. v. Twombly*, 550

U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for misconduct alleged." *Id*. at 678. A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. *See Allaire Corp. v. Okumus*, 433 F.3d 248, 249-50 (2d Cir. 2006). Nonetheless, conclusory allegations are not entitled to the assumption of truth. *See Francis v. Kings Park Manor Inc.*, 992 F.3d 67 (2d Cir. 2021).

In its Motion, Plaintiff incorrectly asserts that "the facts in this case clearly support a cause of action under N.Y. C.P.L.R. § 213-c based on 'rape in the third degree as defined in subdivision one, two, three, seven, eight or nine of section 130.25 of the penal law.'" *See* Dkt. No. 28 at p. 7. Pursuant to N.Y. Penal Law § 130.25, a person is guilty of rape in the third degree when:

> (1) [h]e or she engages in vaginal sexual contact with another person who is incapable of consent by reason of some factor other than being less than seventeen years old;
> (2) [h]e or she engages in oral sexual contact with another person who is incapable of consent by reason of some factor other than being less than seventeen years old;
> (3) [h]e or she engages in anal sexual contact with another person who is incapable of consent by reason of some other factor other than being less than seventeen years old; […]
> (7) [h]e or she engages in vaginal sexual contact with another person without such person's consent where such lack of consent is by reason of some factor other than incapacity to consent;
> (8) [h]e or she engages in oral sexual contact with another person without such person's consent where such lack of consent is by reason of some factor other than incapacity to consent, or;
> (9) [h]e or she engages in anal sexual contact with another person without such person's consent where such lack of consent is by reason of some factor other than the incapacity to consent.

N.Y. Penal Law § 130.25. Plaintiff has not asserted that any form of oral and/or anal sexual conduct took place on March 17, 2023 and May 3, 2023. *See generally* Dkt. No. 1. Additionally, Plaintiff has not asserted that any form of vaginal sexual conduct took place on March 17, 2023. Therefore, at minimum, Plaintiff cannot state a claim under N.Y. Penal Law § 130.25 (2), (3), (8), or (9).

Further, it would be futile to permit Plaintiff to amend the Complaint to include a claim for rape in the third degree under N.Y. Penal Law § 130.25(1) and/or N.Y. Penal Law § 130.25(7) because Plaintiff has not sufficiently pleaded facts that would demonstrate that she was incapable of consent as required by the relevant statute. A person is deemed incapable of consent when he or she is:

> (a) less than seventeen years old; or (b) mentally disabled; or (c) mentally incapacitated; or (d) physically helpless; or (e) committed to the care and custody or supervision of the state department of corrections and community supervision or a hospital, […] or; (f) committed to the care and custody of a local correctional facility, […] or; (g) committed to or placed with the office of children and family services and in residential care, […] or; (h) a client or patient and the actor is a health care provider or mental health care provider charged with rape in the third degree as defined in section 130.2, […] or; (i) a resident or inpatient of a residential facility operated, licensed or certified by (i) the office of mental health; (ii) the office for people with developmental disabilities; or (iii) the office of alcoholism and substance abuse services, […] or; (j) detained or otherwise in the custody of a police officer, peace officer, or other law enforcement official and the actor is a police officer, peace officer or other law enforcement official, […] or; (k) under the supervision of a local probation department, pursuant to section two hundred seventy-two of the correction law, or another local department or agency which fulfills a similar function […]

*See* N.Y. Penal Law § 130.05 (a)-(k). Therefore, in order to have a cause of action under N.Y. Penal Law § 130.25 (1), Plaintiff would have to show that she was incapable of consenting for any of the reasons stipulated under N.Y. Penal Law § 130.05 (b)-(k), which she does not. Further, in order to have a cause of action under N.Y. Penal Law § 130.25 (7), Plaintiff would need to show that she was incapable of consenting for any other reason than incapacity to consent. *See* N.Y. Penal Law § 130.00(6) [2]. Here, Plaintiff alleges that her ability to consent was hampered because of the power differential that existed between Plaintiff and Defendant, fear of retaliation, and that the assault triggered reminders of prior traumas. *See* Dkt. No. 28 at p. 7. However, none of Plaintiff's alleged reasons demonstrate that she was in fact uncapable of consenting as required under N.Y. Penal

---

[2] Under N.Y. Penal Law § 130.00(6), a person is rendered temporarily incapable of appraising or controlling his conduct owing to the influence of a narcotic or intoxicating substance administered to him without his consent, or to any other act committed upon him without his consent.

Law § 130.25 (1) or (7). As previously discussed, and as stated as part of Defendant Canuteson's Motion to Dismiss, the facts as pled in the Complaint are not sufficient to demonstrate that Plaintiff was physically helpless during the alleged encounters. *See generally* Dkt. No. 25. At all times, Plaintiff could have left or she could have informed Defendant that she was not consenting to Defendant's conduct. There is no evidence to establish that Defendant Canuteson overpowered Plaintiff, or that Plaintiff feared that if she objected to Defendant Canuteson's advances she could be subject to retaliation. Plaintiff herself admitted that after the March 17, 2023, event, she had no issue with allegedly informing Defendant that his conduct in the office had made her uncomfortable. Plaintiff also asserted that after the March 17, 2023, event, the overly flirtatious behavior when together with Defendant Canuteson in the office continued, which would negate that Plaintiff felt physically helpless around him. Thus, Plaintiff has not sufficiently pleaded facts that would give rise to an inference that she in fact was incapable of consenting. *See e.g., People v. Battease* 74 A.D.3d 1571 (3d Dep't. 2010) (finding that there was insufficient evidence of alleged victim's physical helplessness to establish lack of consent required to support convictions for third-degree rape and third-degree criminal sexual act; although victim described taking drugs and being "high," she never indicated sex occurred while she was unconscious, awaking from sleep, coming out of unconsciousness, or otherwise unable to communicate, and victim to the contrary acknowledged telling defendant that she did not want to have sex with him, but that she relented and had sex with defendant out of fear for losing custody of her child after defendant threatened to expose her drug use to child's father, and videorecording made by defendant did not show victim unconscious or unable to communicate during segment depicting sexual conduct with which defendant was charged with).

However, should this Court convert Plaintiff's Opposition papers as a request for leave to amend, Defendant Canuteson reserves the right to file a Motion to Dismiss on the new Verified Amended Complaint in full provided defects remain.

## CONCLUSION

For the reasons discussed above, Defendant Canuteson respectfully requests the Court dismiss Plaintiff's Sixth Cause of Action with prejudice in its entirety, and deny Plaintiff's request for leave to amend, together with such other or further relief as may be just.

Respectfully Submitted,

*/s/Matthew P. Ricci*___________
Matthew P. Ricci, Esq.
Senior Associate
NDNY No.: 701971

Allen A. Shoikhetbrod
Managing Partner
NDNY No.: 519798

TULLY RINCKEY PLLC
1203 Troy Schenectady Road, STE 101
Latham, NY 12110
Tel. (518) 218-7100
Fax. (518) 218-0496

To: Robert L. Levy, Esq.
Bantle & Levy, LLP
Attorneys for Plaintiff
99 Park Avenue, Suite 1510
New York, New York 10016

Aimee Cowan, Esq.
Assistant Attorney General
Attorney General of the State of New York
Attorney for Defendant New York State Office of Mental Health
300 S. State Street, Suite 300
Syracuse, New York 13202