**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JANE DOE,

                          Plaintiff,

                                                    1:25-CV-912
          v.                                        (ECC/DJS)

NEW YORK STATE OFFICE OF MENTAL HEALTH
and MATTHEW CANUTESON,

                          Defendants.

**APPEARANCES:**                    **OF COUNSEL:**

BANTLE & LEVY LLP                   ROBERT L. LEVY, ESQ.
Attorney for Plaintiff
99 Park Avenue – Suite 1510
New York, New York 10016

HON. LETITIA JAMES                  AIMEE COWAN, ESQ.
New York State Attorney General     Assistant Attorney General
Attorney for Defendant Office of Mental Health
300 South State Street – Suite 300
Syracuse, New York 13202

TULLY RINCKEY, PLLC                 ALLEN A. SHOIKHETBROD, ESQ.
Attorney for Matthew Canuteson      MATTHEW P. RICCI, ESQ.
1203 Troy-Schenectady Road – Suite 101
Latham, New York 12110

**DANIEL J. STEWART**
**United States Magistrate Judge**

**<u>MEMORANDUM-DECISION and ORDER</u>**

        Plaintiff brings this action, pursuant to 42 U.S.C. § 2000, N.Y. Exec. Law § 290,

and N.Y. C.P.L.R. § 213-c, alleging that she was sexually assaulted, sexually harassed,

and raped by Defendant Matthew Canuteson (the "Individual Defendant") and that she

was discriminated and retaliated against by her employer, the New York State Office of Mental Health ("OMH"). *See generally* Dkt. No. 1, Compl. Plaintiff has filed a Motion for Leave to Proceed Under a Pseudonym and for a Protective Order. Dkt. No. 4. OMH filed an opposition to the Motion, Dkt. No. 18, OMH Mem. of Law, which the Individual Defendant has joined. Dkt. No. 24. Plaintiff filed a Reply. Dkt. No. 23, Pl. Reply Mem. of Law.

For the reasons further detailed below, Plaintiff's Motion is **GRANTED**, subject to further order of the Court.

## I. BACKGROUND

In 2023, Plaintiff was employed at OMH as an Equal Opportunity Specialist 4. Compl. at ¶ 18. Plaintiff reported to and was supervised by the Individual Defendant. *Id*. at ¶ 21. Plaintiff alleged that she interacted with the Individual Defendant on a daily basis and that he was actively involved in directing Plaintiff's daily activities and providing supervisory direction. *Id*. at ¶ 22.

The Complaint alleges that around March 6, 2023, the Individual Defendant began "aggressively and relentlessly" pressuring Plaintiff to engage in a sexual relationship with him. *Id*. at ¶ 23. Plaintiff alleged that the Individual Defendant sent her a series of "explicit, offensive, and graphic text messages . . . in which [he] described various sex acts he wanted to perform with and on Plaintiff." *Id*. at ¶ 24. It is alleged that these messages also included graphic photographs. *Id*. at ¶ 26. Additionally, Plaintiff alleged that the Individual Defendant would send these text messages both during the workday and after work hours. *Id*. at ¶ 27. Plaintiff claimed that, although she was uncomfortable

receiving such communications from the Individual Defendant, "she felt obligated to participate in the sexualized texting . . . for fear of her job being put in jeopardy." *Id*. at ¶ 28.

Plaintiff alleged that late in the afternoon on March 17, 2023, the Individual Defendant "initiated a sexual encounter with Plaintiff in her office." *Id*. at ¶ 33. Plaintiff claimed that the Individual Defendant entered her office and closed the door "without [her] consent." *Id*. at ¶ 34. Further, Plaintiff claimed that the Individual Defendant walked over to Plaintiff and made contact with her body by "rubbing her shoulders, hips, and breasts." *Id*. at ¶ 36. Plaintiff stated a second interaction between her and the Individual Defendant occurred on May 3, 2023. *Id*. at ¶ 49. During this second interaction, Plaintiff claimed that the Individual Defendant "kissed Plaintiff on her face and body . . . lifted her dress and directly touched her buttocks and vagina with his fingers and hands, and then pushed her down on the desk and vaginally penetrated her with his penis." *Id*. at ¶ 52.

Plaintiff claims that the Individual Defendant was unable to maintain a strictly professional relationship and that he inappropriately discussed the Plaintiff with other employees of OMH. *Id*. at ¶ 62. She contends that the Individual Defendant's conduct violated OMH workplace harassment policies. *Id*. at ¶¶ 64-68. Plaintiff additionally alleged that, after Plaintiff ceased engaging in sexualized texting and flirtatious conduct with the Individual Defendant, the Individual Defendant began criticizing her work and decided to relieve her of her supervisory responsibilities. *Id*. at ¶¶ 70-78. Plaintiff allegedly called the Individual Defendant to discuss the matter further, and was then

advised that the Human Resource Officer, Dan Ragone, was present on the phone call. *Id*. at ¶ 84. Additionally, Plaintiff claimed that during this phone call Mr. Ragone told her that the Individual Defendant had advised him that she voluntarily resigned her employment at OMH earlier that morning. *Id*. at ¶ 85. Plaintiff stated that she informed Mr. Ragone that she did not intend to resign, at which point Mr. Ragone advised her that if she refused to resign then OMH was terminating her employment. *Id*. at ¶¶ 86-87. Plaintiff was then advised of her termination. *Id*. at ¶¶ 87-88.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 10(a)'s requirement that every complaint "name all parties" is not absolute. Rather, it is within a court's discretion to allow a plaintiff to proceed in an action anonymously. *See, e.g.*, *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015). In exercising that discretion, courts must consider the following factors on balance:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties;
>
> (3) whether identification presents other harms and the likely severity of those harms;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure;
>
> (5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008) (internal quotation marks, alterations, and citations omitted).  Courts are "not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion."  *Id.* at 191 n.4.

### III.  DISCUSSION

Having considered the record and the arguments of the parties, and balancing the *Sealed Plaintiff* factors, the Court finds that Plaintiff's Motion should be granted, subject to a further order of the Court.

### A.  Factor 1: Matters of Highly Sensitive and Personal Nature

Courts have repeatedly found matters of sexual misconduct "highly sensitive." *See Roe v. RPI*, 2023 WL 3853647, at *7 (N.D.N.Y. Mar. 8, 2023); *A.B. v. Hofstra Univ.*, 2018 WL 1935986, at *2 (E.D.N.Y. Apr. 24, 2018).  In fact, "[a]llegations of sexual assault are 'paradigmatic example[s]' of highly sensitive and personal claims and thus

favor a plaintiff's use of a pseudonym." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006)). Given the nature of the allegations presented, the first factor weighs heavily in Plaintiff's favor.

### B. Factors 2 and 3: Potential for Harm

Factors two and three weigh marginally in favor of allowing Plaintiff to proceed anonymously. These factors focus on the harm that identification would cause Plaintiff. The relevant inquiry for these factors is "whether disclosure of the plaintiff's name in the course of the lawsuit would 'uniquely' cause harm and 'how grave the resultant harm would prove to be.'" *Doe 1 v. Branca USA, Inc.*, 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022) (quoting *Rapp v. Fowler*, 537 F. Supp. 3d at 529). "[P]laintiff must establish with sufficient specificity the incremental injury that would result from disclosure of her identity." *Doe v. Freydin*, 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021). Conclusory statements regarding harm are of "limited utility." *Rapp v. Fowler*, 537 F. Supp. 3d at 530. Where a plaintiff claims that disclosure will harm their mental health, courts in this Circuit look for corroboration from medical professionals that detail the risk to plaintiff. *See Doe v. Weinstein*, 484 F. Supp. 3d 90, 95 (S.D.N.Y. 2020) ("Without corroboration from medical professionals . . . [plaintiff's] general allegation of potential trauma is 'mere speculation' about a risk of psychological injury that cannot support her motion to proceed under a pseudonym.").

Plaintiff's initial arguments in support of her Motion claimed, in an entirely conclusory manner, that if her identity is disclosed it would compound the emotional

distress that has resulted from the sexual harassment, rape, and retaliation alleged in the Complaint.  Dkt. No. 4-1, Pl. Mem. of Law at p. 3.[1]  In her Reply, she provides a letter from a treating provider, a Licensed Clinical Social Worker, who opined that requiring disclosure of Plaintiff's identity "would likely cause substantial additional emotional harm" to Plaintiff and "exacerbate her distress."  Dkt. No. 23-1 at p. 4.  The Court takes the statement of Plaintiff's treating provider seriously, but notes that it is only a bit less conclusory than the statements of Plaintiff's counsel.  It does, however, slightly balance this factor in Plaintiff's favor.

### C.  Factor 4: Vulnerability

The fourth factor requires courts to determine "whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . particularly in light of [her] age." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d at 190.  Age is a critical factor in making this determination because "courts have been readier to protect the privacy interest of minors in legal proceedings than of adults."  *Rapp v. Fowler*, 537 F. Supp. 3d at 530. Consequently, "[i]f a plaintiff is not a child, this factor weighs against a finding for anonymity."  *Id.*  Because Plaintiff was an adult when the alleged assault occurred and "provides no evidence that her age makes her particularly vulnerable to the possible harms of disclosure," the fourth factor weighs against allowing Plaintiff to proceed anonymously in this matter.  *Doe v. Skyline Auto. Inc.*, 375 F. Supp. 3d at 406.

---

[1] Plaintiff also raised concerns regarding harm to her children and the impact on her current employment, which the Court has considered, but does not find dispositive of its consideration of this factor.

**D.  Factors 5, 8, and 9: Public Interest**

Factors five, eight, and nine all relate to the public's interest in knowing the Plaintiff's identity.  When taken together, these factors weigh against Plaintiff proceeding anonymously.

The fifth factor considers "whether the suit . . . challeng[es] the actions of the government or that of private parties."  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d at 190.   Lawsuits against the government "involve no injury to the Government's reputation."  *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 2012 WL 5899331, at *7 (S.D.N.Y. Nov. 26, 2012).  On the other hand, suits against private parties "may cause damage to their good names and reputations," among other things.  *Id.*  Thus, courts are less inclined to allow plaintiffs to proceed anonymously in actions brought against private parties.  *Id.*  Here, the Defendants are a governmental entity and a private individual. Certainly, given Plaintiff's extremely serious allegations, the Individual Defendant has a "substantial interest in maintaining [his] good name and reputation."  *Doe v. Skyline Auto. Inc.*, 375 F. Supp. 3d at 406.  Thus, the fifth factor is neutral or weighs against, if only slightly, Plaintiff remaining anonymous.

 "The eighth factor weighs whether the public's interest in the litigation is furthered by revelation of the plaintiff's identity."  *Doe v. Leonelli*, 2022 WL 2003635, at *4 (S.D.N.Y. June 6, 2022).  Plaintiff identifies the public interest in protecting the identities of sexual assault victims.  Pl. Reply Mem. of Law at p. 6.  The Court agrees that this is certainly a strong public interest; however, this interest alone has been "repeatedly

rejected . . . as an adequate basis by itself to warrant anonymity." *Doe v. Telemundo Network Grp. LLC*, 2023 WL 6259390, at *7 (S.D.N.Y. Sept. 26, 2023).

"Furthermore, the public's interest in protecting sexual assault victims is not the only interest implicated here. There is also a public interest in the accused being able to publicly confront an accuser, a right that would be undermined by Plaintiff's anonymity." *Doe v. Combs*, 2024 WL 863705, at *5 (citing *Doe 1 v. Branca USA, Inc.*, 2022 WL 2713543, at *2). The public also has a strong interest in knowing the underlying facts of a litigation, including the identities of litigants. *See*, *e.g.*, *Doe v. Leonelli*, 2022 WL 2003635, at *4 ("[T]he public has a significant interest in open judicial proceedings and the public's interest in the litigation is furthered by transparency, including exposure of the parties' identities."). The Court notes, however, that the public generally does not have a significant interest in the intricacies of discovery in civil litigation. *See*, *e.g.*, *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) ("public interest in particular litigation does not generate a public right of access to all discovery materials").

"The ninth factor looks to whether, because of the purely legal nature of the issues presented, there is an atypically weak public interest in knowing the litigants' identities." *Rapp v. Fowler*, 537 F. Supp. 3d at 532. This action does not involve a purely legal issue. Plaintiff alleges that she was sexually assaulted and sexually harassed. *See generally* Compl. These allegations are of the type that "further the public's interest in enforcing legal and social norms." *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 2012 WL 5899331, at *8. Additionally, the allegations here are factual in nature, involving "particular actions

- 9 -

and incidents." *Doe v. Weinstein*, 484 F. Supp. 3d at 98 (internal quotation marks and citation omitted). Thus, "open proceedings . . . benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 2012 WL 5899331, at *8.

Therefore, the public interest factors weigh slightly against anonymity in this action.

### E. Factor 6: Prejudice to Defendants

Factor six requires the Court to analyze the prejudice Defendants will face if Plaintiff were permitted to proceed anonymously. "Courts will examine the reputational damage to defendants, difficulties conducting discovery, and fundamental fairness of proceeding anonymously." *Doe v. Townes*, 2020 WL 2395159, at *5 (S.D.N.Y. May 12, 2020). Moreover, where, as here, the allegations are of a highly sensitive and personal nature, the potential for harm flows not only to Plaintiff but to the Individual Defendant as well. *See Anonymous v. Simon*, 2014 WL 819122, at *2 (S.D.N.Y. Mar. 3, 2014) ("Plaintiff's allegations and public comments embarrass Defendant and place him under the same stigma that concerns Plaintiff.").

Plaintiff, who has "levie[d] serious allegations[,] 'put [her] credibility in issue'" when she commenced this action. *Doe v. Combs*, 2024 WL 863705, at *4 (quoting *Doe v. Leonelli*, 2022 WL 2003635, at *5). Plaintiff's anonymity could undoubtedly make it more difficult to challenge that credibility. It is also possible that Plaintiff's request could also "make it more difficult to obtain witnesses and witness testimony, Defendants [c]ould have less leverage in settlement negotiations, and Defendants would not be able

to fully and adequately cross-examine the Plaintiff." *Doe v. Skyline Auto. Inc.*, 375 F. Supp. 3d at 407.   Courts have also identified prejudice against a defendant when a defendant is "required to defend itself publicly before a jury while plaintiff . . . make[s] her accusations from behind a cloak of anonymity." *Doe v. Delta Airlines, Inc.*, 310 F.R.D. at 225.   The risk of prejudice, especially were this matter to proceed to trial, causes the Court concern.   At this point, however, Defendants have not identified any specific prejudice that they will suffer.   *See* OMH Mem. of Law at p. 9 (identifying only generalized, potential harms).

The Court considers this factor one of the most significant and envisions the potential for significant prejudice from Plaintiff's request.   At this early stage of the litigation, however, that risk has not yet overcome Plaintiff's identified interests in confidentiality.   For these reasons, the sixth factor weighs in favor of Plaintiff's identity remaining anonymous at least for the time being, subject to a demonstrated change of circumstances.

### F. Factor 7: Prior Confidentiality

The seventh factor, which "inquires as to the status of a plaintiff's confidentiality thus far in the litigation," does not support Plaintiff's request for anonymity.   *Doe v. Skyline Auto. Inc.*, 375 F. Supp. 3d at 407.   OMH posits that because Plaintiff disclosed her identity before the Equal Employment Opportunity Commission this factor must be weighed against her.   OMH Mem. of Law at p. 9.

> Some courts have indicated that if the identity of a plaintiff was previously disclosed in judicial or administrative proceedings, then the request to proceed anonymously should be denied.   However, the EEOC's files are

significantly less public than those of this Court, and there is no evidence
that plaintiff has contacted the press or otherwise revealed [her] identity in
any fully public forum.

*Doe v. Black Diamond Cap. Mgmt. LLC*, 2023 WL 2648017, at *5 (S.D.N.Y. Mar. 27, 2023) (internal quotations and citations omitted). The Court concludes that Plaintiff's prior administrative proceeding does not preclude her from proceeding as Jane Doe here.

### G. Factor 10: Alternative Mechanisms

Finally, factor ten "examines whether there are other mechanisms, including sealing, redaction of documents, protective orders and confidentiality agreements, that could protect the plaintiff's confidentiality." *Doe v. Combs*, 2024 WL 863705, at *5. Here, it seems likely that a protective order will be necessary, but it is unlikely to address the competing privacy interests of Plaintiff and Defendants, particularly the Individual Defendant. The Court also notes that, had the Individual Defendant been named as John Doe, that could have significantly mitigated risks of prejudice here. On balance, however, this factor is neutral.

### IV. CONCLUSION

Taken together, the Court concludes that the appropriate course of action at this juncture is to permit Plaintiff to proceed anonymously "until such time as the Court orders the name to be disclosed." *Doe v. Delta Air Lines, Inc.*, No. 1:13-CV-6287, Dkt. No. 2 (S.D.N.Y. Sept. 6, 2013). This will allow the parties to proceed through at least the initial stages of discovery while maintaining Plaintiff's confidentiality, but permit Defendants to make an application to require disclosure of Plaintiff's identity in the event that

circumstances of the litigation warrant such a change, particularly if Defendants can demonstrate specific prejudice inuring against them.

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's Motion for Leave to Proceed Anonymously (Dkt. No. 4) is **GRANTED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order upon the parties to this action.

Dated: January 15, 2026
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge