**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JANE DOE,

Plaintiff, 1:25-cv-912 (ECC/DJS)

v.

NEW YORK STATE OFFICE OF MENTAL HEALTH and MATTHEW CANUTESON,

Defendants.

Robert L. Levy, Esq., *for Plaintiff*
Matthew P. Ricci, Esq., *for Defendant Matthew Canuteson*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

On July 14, 2025, Plaintiff Jane Doe initiated this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, New York State Human Rights Law, and New York Civil Practice Law and Rules against Defendants New York State Office of Mental Health and Matthew Canuteson. Complaint (Compl.), Dkt. No. 1. Presently before the Court is Defendant Matthew Canuteson's motion to dismiss Plaintiff's sixth cause of action alleging rape in the first degree pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 25. The motion is fully briefed. Dkt. Nos. 25, 28, 30. For the following reasons, the motion to dismiss is denied.

## I. FACTS[1]

Plaintiff Jane Doe was employed by Defendant New York State Office of Mental Health from February to June 2023. Compl. ¶ 11. Plaintiff alleges that, during this time, she was

[1] These facts are drawn from the Complaint. The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of New York*, 952 F.3d 67,

subjected to a hostile work environment by Defendant New York State Office of Mental Health and Defendant Matthew Canuteson, who was her direct supervisor. *Id.* at ¶ 3. Plaintiff alleges that this hostile work environment included *quid pro quo* sexual harassment and sexual assault, including dozens of sexually explicit and graphic text messages and photographs, and being subjected to unwelcome and non-consensual sexual acts in the workplace. *Id.* at ¶¶ 3, 4. Plaintiff alleges that she "regularly responded in kind" to Defendant Canuteson's communications to "keep herself in [his] good graces and avoid putting her job in jeopardy." *Id.* at ¶ 30. Plaintiff further alleges that on March 17, 2023, *id.* at ¶¶ 32–43, and on May 3, 2023, *id.* at ¶¶ 49–57, she was sexually assaulted by Defendant Canuteson. Specifically, she alleges that on March 17, 2023, Defendant walked into her office, closed the door, and locked the door without her consent. *Id.* at ¶ 34. In addition, Plaintiff believed that Defendant could and would physically overpower her if she tried to pass by him to open the door and leave the office. *Id.* at ¶ 35. Defendant proceeded to touch Plaintiff sexually, and she was frozen with fear, anger and confusion because she feared losing her job and the conduct triggered memories of past traumas. *Id.* at ¶ 39–41. Regarding May 3, 2023, Defendant walked into Plaintiff's office, closed and locked the door, and vaginally penetrated her with his penis. *Id.* at ¶¶ 51–52. Plaintiff again felt paralyzed by fear and confusion. *Id.* at ¶ 56. Plaintiff states that when she raised concerns about the hostile work environment, she was terminated from her employment. *Id.* at ¶¶ 73–89.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City*

---

74–75 (2d Cir. 2020), but does not accept as true any legal conclusions, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level[.]" *Id.* (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

Defendant argues that Plaintiff's sixth cause of action alleging rape, pursuant to New York Civil Practice Law and Rules (CPLR) § 213-c because Plaintiff does not sufficiently allege forcible compulsion or physical helplessness.[2] *See* Dkt. No. 25-2 at 4–5. Plaintiff responds that the complaint adequately alleges both elements or, in the alternative, Plaintiff seeks leave to amend the complaint.

CPLR § 213-c states that "all civil claims or causes of action brought by any person for physical, psychological or other injury or condition suffered by such person as a result of conduct which would constitute" a variety of certain criminal sexual offenses "may be brought against any party whose intentional or negligent acts or omissions are alleged to have resulted in the

---

[2] Defendant does not challenge the vaginal sexual conduct requirement. Given that the complaint alleges that on May 3, 2023, Defendant "lifted her dress and directly touched her buttocks and vagina with his fingers and hands, and then pushed her down on the desk and vaginally penetrated her with his penis," Compl. at ¶ 52, that is sufficient at this stage of the litigation.

Defendant's argument that Plaintiff impermissibly combined the allegation of first-degree rape under N.Y. Penal Law § 130.35 with allegations of assault and battery, *see* Dkt. No. 25-2 at 2, is moot because Plaintiff responded "she is not alleging a separate cause of action for assault or battery against Defendant Canuteson," and that the term is used "in a descriptive capacity when referring to aspects of Canuteson's forcible conduct on May 3, 2023," Dkt. No. 28 at 6 n.2.

commission of the said conduct, within twenty years." First degree rape "as defined in section 130.35 of the penal law" is a qualifying predicate, CPLR § 213-c. First degree rape occurs when a person:

> engages in vaginal sexual contact with another person: (a) By forcible compulsion; or (b) Who is incapable of consent by reason of being physically helpless; or (c) Who is less than eleven years old; or (d) Who is less than thirteen years old and the actor is eighteen years old or more.

New York Penal Law § 130.35.

Defendant challenges Plaintiff's forcible compulsion allegation. Forcible compulsion is defined as "means to compel by either: use of physical force; or a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person, or in fear that he, she or another person will immediately be kidnapped." N.Y. Penal Law § 130.00(8). In other words, even where there is no physical force, forcible compulsion may be established where there is a threat that induces fear of physical injury.

"Forcible compulsion can be established by evidence that the defendant used his superior age, size and strength to prevent the victim from escaping, and to compel [the victim] to have sex [ ] . . . with him." *People v. Roman*, 578 N.Y.S.2d 544 (1st Dept. 1992) (citing *People v. Yeaden*, 548 N.Y.S.2d 468 (1st Dept., 1989)). Furthermore, "forcible compulsion is not synonymous with violence and can be inferred by events surrounding the sexual interaction between defendant and the victim." *People v. Pereza*, 733 N.Y.S.2d 510, 513 (3d Dept. 2001) (citing *People v. Conzalez*, 524 N.Y.S.2d 73 (2d Dept. 1988)).

Here, the complaint alleges that on May 3, 2023, Defendant, who was Plaintiff's direct supervisor, walked into Plaintiff's office, closed and locked the door, and vaginally penetrated her with his penis. Compl. ¶¶ 51–52. The complaint further alleges that before the alleged May 3,

2023 assault, Defendant engaged in similar behavior on March 17, 2023. Specifically, the complaint alleges that on March 17, 2023, Defendant walked into Plaintiff's office, closed the door, and locked the door without her consent. *Id.* at ¶ 34. The complaint also alleges that on March 17, 2023, Plaintiff believed that Defendant could and would physically overpower her if she tried to pass by him to open the door and leave the office. *Id.* at ¶ 35.

Although it is a close call given these allegations and the fact that it appears that relevant New York state cases are factually distinguishable, accepting the allegations as true and drawing all reasonable inferences in Plaintiff's favor, the allegations are sufficient to survive the motion to dismiss as related to the allegation of forcible compulsion.

Defendant also challenges the physical helplessness allegation. Physical helplessness is defined as when a person is "unconscious or for any other reason is physically unable to communicate unwillingness to an act." New York Penal Law § 130.00(8). "The Practice Commentary to McKinney's Laws notes that, 'this definition would apply to a person who is as a deep sleep as a result of barbiturates or who it a total paralytic.'" *People v. Morales,* 528 N.Y.S.2d 286 (Supreme Court Brox County) (quoting Practice Commentary to Article 130 McKinney's Penal Law (1987)). In addition, the Practice Commentary states that "physically helpless" is "applicable to victims, '. . . who have no mental disease or defect but who are temporarily, for a variety of reasons, not able to make a rational, free-will determination to consent, or not able to communicate an unwillingness to consent, to sexual activity.'" *Id.* (quoting Practice Commentary to Article 130). One New York court has explained that physical helplessness requires "a mental state that limits or prohibits the victim from communicating a lack of consent to the conduct of the perpetrator." *Id.* It is "well established that physical helplessness is defined broadly and may include a sleeping victim," and that "[w]hether or not a victim was physically helpless at the time

of is a question of fact for the jury to resolve." *People v. Manning*, 917 N.Y.S.2d 721, 723 (3d Dept. 2011).

Here, the complaint alleges that on May 3, 2023, Plaintiff felt paralyzed by fear and confusion like she had on March 17, 2023, and she alleges that on March 17, 2023, she was frozen with fear, anger, and confusion because she feared losing her job and the conduct triggered memories of past traumas. Complaint ¶¶ 56, 39–41. Again, although it is a close call given that the cases cited by the parties are factually distinguishable, viewing the factual allegations as true and drawing all reasonable inferences in favor of Plaintiff, these allegations are sufficient to survive the motion to dismiss with respect to the allegation of physical helplessness.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' motion to dismiss under Rule 12(b)(6), Dkt. No. 25, is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 1, 2026

Elizabeth C. Coombe
U.S. District Judge